IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Lauren R. BROWN-PERRY, Attorney at Law.

OFFICE OF LAWYER REGULATION, f/k/a Board of Attorneys Professional Responsibility, Complainant,

v.

Lauren R. BROWN-PERRY, Respondent.

Supreme Court

*No. 00–3048–D. Decided December 12, 2003.*

2003 WI 151

(Also reported in 672 N.W.2d 287.)

¶ 1. PER CURIAM. This case is before us under SCR 22.14(2)[1] and SCR 22.17(2)[2] on a stipulation between the parties, Attorney Lauren R. Brown-Perry, and the Office of Lawyer Regulation (OLR). The stipulation consists of her no contest plea to the allegations of misconduct in the OLR complaint. The referee, David R. Friedman, has issued a report based upon this stipulation.

¶ 2. We accept the stipulation and the referee's report and determine that the seriousness of Attorney Brown-Perry's misconduct warrants the imposition of the recommended retroactive one-year suspension.

¶ 3. Attorney Brown-Perry was admitted to the practice of law in Wisconsin in 1980. This is her first disciplinary matter.

---

[1] SCR 22.14(2) provides:

(2) The respondent may by answer plead no contest to allegations of misconduct in the complaint. The referee shall make a determination of misconduct in respect to each allegation to which no contest is pleaded and for which the referee finds an adequate factual basis in the record. In a subsequent disciplinary or reinstatement proceeding, it shall be conclusively presumed that the respondent engaged in the misconduct determined on the basis of a no contest plea.

[2] SCR 22.17(2) provides:

(2) If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline. The court, on its own motion, may order the parties to file briefs in the matter.

185

¶ 4. The nine counts against her in the OLR complaint, which the referee found to be supported by the evidence, consisting of the complaint itself pursuant to the stipulation, arise out of her representation of a client between 1997 and 1999.

¶ 5. The client was a member of a legal services plan of which Attorney Brown-Perry was a provider. She retained Attorney Brown-Perry for $250 either to force a closing or to file suit against a potential purchaser of the client's real estate. Before that was completed the client located another potential buyer and paid Attorney Brown-Perry $140 to complete the new closing. She did not have a client trust account and put both the $250 and the $140 into her business account.

¶ 6. The new closing never took place and under the terms of the legal services plan the client was entitled to a refund of the $140. However, Attorney Brown-Perry did not repay that sum. Instead, she and the client entered into a new fee agreement under which the client would pay her an additional $1250 to sue the first potential buyer. Pursuant to the legal services plan, Attorney Brown-Perry was to bill her services at a rate of $70 per hour. Once again, the $1250 went into the business account rather than a trust account.

¶ 7. Attorney Brown-Perry sued the first buyer and the matter was settled for $4000. She told her client that the total $1500 retainer would cover all of her legal fees when, in fact, at the $70 rate the fee should only have been $749. When Attorney Brown-Perry received the $4000 in settlement she again deposited it into her business account.

¶ 8. Within a short time the balance in the business account was down to nothing and the client did not

receive her $4000. Eventually Attorney Brown-Perry issued a check to her for $2028 but the client refused to cash it, instead demanding all of the $4000 settlement. Numerous entreaties by the client to Attorney Brown-Perry went unheeded and she eventually filed a complaint with the OLR's predecessor, the Board of Attorneys Professional Responsibility (BAPR).

¶ 9. The client also retained another attorney for $800 to commence an action against Attorney Brown-Perry for $5640 (representing the $250, the $140, the $1250, and the $4000). That matter was settled with Attorney Brown-Perry paying the client $5000.

¶ 10. During the BAPR's investigation Attorney Brown-Perry failed to respond to various requests for her accounting records. She also made various misrepresentations to the BAPR concerning her representation of the client. Finally, she admitted to the BAPR that she had not filed any personal state or federal income tax returns since 1995.

¶ 11. The OLR then filed a complaint. While it was pending Attorney Brown-Perry claimed a medical incapacity to proceed. As a result, by order of this court, her license to practice law was suspended between April 26, 2001, and April 27, 2003. Ultimately, the medical incapacity proceeding was resolved against her.

¶ 12. The nine counts against Attorney Brown-Perry, to which she has pled no contest, are as follows:

1. Count One alleges a violation of SCR 20:1.15(a)[3]

[3] SCR 20:1.15(a) provides:

(a) A lawyer shall hold in trust, separate from the lawyer's own property, that property of clients and third persons that is in the lawyer's possession in connection with a representation or when acting in a fiduciary capacity. Funds held in connection with

■■■■■

■■■■■

and arises out of the failure to place the client's funds into a trust account.

2. Count Two alleges a violation of SCR 20:1.15(d)[4] and also arises out of the trust fund deficiency.

---

a representation or in a fiduciary capacity include funds held as trustee, agent, guardian, personal representative of an estate, or otherwise. All funds of clients and third persons paid to a lawyer or law firm shall be deposited in one or more identifiable trust accounts as provided in paragraph (c). The trust account shall be maintained in a bank, savings bank, trust company, credit union, savings and loan association or other investment institution authorized to do business and located in Wisconsin. The trust account shall be clearly designated as "Client's Account" or "Trust Account" or words of similar import. No funds belonging to the lawyer or law firm, except funds reasonably sufficient to pay or avoid imposition of account service charges, may be deposited in such an account. Unless the client otherwise directs in writing, securities in bearer form shall be kept by the attorney in a safe deposit box in a bank, savings bank, trust company, credit union, savings and loan association or other investment institution authorized to do business and located in Wisconsin. The safe deposit box shall be clearly designated as "Client's Account" or "Trust Account" or words of similar import. Other property of a client or third person shall be identified as such and appropriately safeguarded. If a lawyer also licensed in another state is entrusted with funds or property in connection with an out-of-state representation, this provision shall not supersede the trust account rules of the other state.

[4] SCR 20:1.15(d) provides:

(d) When, in the representation, a lawyer is in possession of property in which both the lawyer and another person claim interests, the property shall be treated by the lawyer as trust property until there is an accounting and severance of their interests. If a dispute arises concerning their respective interests, the portion in dispute shall continue to be treated as trust property until the dispute is resolved.

188

3. Count Three alleges a violation of SCR 20:1.16(d)[5] and arises out of the failure to return the unearned retainer.

4. Count Four alleges a violation SCR 20:1.15(b)[6] and arises out of the failure to forward the settlement funds to the client.

5. Count Five alleges a violation of SCR 20:1.4(a)[7] and arises out of the failure to provide the client with a billing statement.

[5] SCR 20:1.16(d) provides:

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

[6] SCR 20:1.15(b) provides:

(b) Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person in writing. Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall render a full accounting regarding such property.

[7] SCR 20:1.4(a) provides: "(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information."

6.　　Count Six alleges a violation of SCR 20:8.4(c)[8] and arises out of the use of client funds for personal purposes and misrepresenting the fees earned.

7.　　Count Seven alleges violations of former SCR 21.03(4)[9] and former SCR 22.07(2) and (3)[10] and arises out of the failure to cooperate with the BAPR.

---

[8] SCR 20:8.4(c) provides: "It is professional misconduct for a lawyer to: (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

[9] Former SCR 21.03(4) provided: "(4) Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator."

[10] Former SCR 22.07(2) and (3) provided:

(2) During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

(3) The administrator or committee may compel the respondent to answer questions, furnish documents and present any information deemed relevant to the investigation. Failure of the respondent to answer questions, furnish documents or present relevant information is misconduct. The administrator or a committee may compel any other person to produce pertinent books, papers and documents under SCR 22.22.

8. Count Eight alleges a violation of SCR 20:1.15(f)[11] and similarly arises out of the failure to cooperate with the investigation.

9. Count Nine alleges a violation of SCR 20:8.4(f)[12] and arises out of Attorney Brown-Perry's failure to file income tax returns, deemed unprofessional conduct by *State v. Roggensack,* 19 Wis. 2d 38, 119 N.W.2d 412 (1963).

¶ 13. The referee has adopted the stipulation with respect to sanctions. He therefore recommends a one-year suspension retroactive to April 26, 2001, which was the starting date for the two-year suspension due to the pendency of the medical incapacity proceedings. The referee believes a prospective suspension would be unfair and not provide any additional protection to the public. He notes that Attorney Brown-Perry has not practiced for at least two years, a period which exceeds the stipulated suspension. He submits that under the circumstances there is no need for a prospective sanction.

---

[11] SCR 20:1.15(f) provides:

(f) Upon request of the office of lawyer regulation, or upon direction of the Supreme Court, the records shall be submitted to the office for its inspection, audit, use, and evidence under such conditions to protect the privilege of clients as the court may provide. The records, or an audit thereof, shall be produced at any disciplinary proceeding involving the attorney wherever material. Failure to produce the records shall constitute unprofessional conduct and grounds for disciplinary action.

[12] SCR 20:8.4(f) provides: "It is professional misconduct for a lawyer to: (f) violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers."

¶ 14. In conclusion, we accept the stipulation of the parties and the resulting report of the referee. Attorney Brown-Perry's misconduct represents a serious failure to comply with the specified Rules of Professional Conduct. Furthermore, the level of discipline requested by the OLR, stipulated to by her and adopted by the referee, is appropriate for this misconduct.

¶ 15. Furthermore, under these circumstances, a retroactive suspension is reasonable. Attorney Brown-Perry has already served a two-year suspension arising out of the same set of circumstances that prompted the one-year suspension recommendation. To impose a prospective one-year suspension at this time would be excessive.

¶ 16. IT IS ORDERED that the license of Attorney Brown-Perry to practice law in Wisconsin is suspended for a period of one-year commencing on April 26, 2001.

¶ 17. IT IS FURTHER ORDERED that within 60 days of the date of this order Attorney Brown-Perry shall pay $6740.53 to the OLR representing the costs of these proceedings. If these costs are not paid within the time specified, and absent a showing to this court of an inability to pay the costs within that time, the license of Attorney Brown-Perry to practice law shall be suspended indefinitely until further order of the court. The date of commencement of any suspension for nonpayment shall be set by the court upon motion of the OLR.

¶ 18. SHIRLEY S. ABRAHAMSON, C.J., did not participate.