In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Charles J. CHVALA, Attorney at Law:
OFFICE OF LAWYER REGULATION, Complainant,

v.

Charles J. CHVALA, Respondent.

Supreme Court

*No. 2006AP1423–D. Decided May 2, 2007.*

2007 WI 47

(Also reported in 730 N.W.2d 648.)

¶ 1. PER CURIAM. We review a stipulation filed by the Office of Lawyer Regulation (OLR) and Attorney Charles J. Chvala pursuant to SCR 22.12[1] requesting this court to suspend Attorney Chvala's license to practice law in Wisconsin due to his professional misconduct for a period of two years, retroactive to April 10, 2006. Attorney Chvala's misconduct consisted of committing criminal acts that reflect adversely on his honesty, trustworthiness and fitness as a lawyer, in violation of SCR 20:8.4(b).[2]

---

[1] SCR 22.12 provides: Stipulation.

(1) The director may file with the complaint a stipulation of the director and the respondent to the facts, conclusions of law regarding misconduct, and discipline to be imposed. The supreme court may consider the complaint and stipulation without the appointment of a referee.

(2) If the supreme court approves a stipulation, it shall adopt the stipulated facts and conclusions of law and impose the stipulated discipline.

(3) If the supreme court rejects the stipulation, a referee shall be appointed and the matter shall proceed as a complaint filed without a stipulation.

(4) A stipulation rejected by the supreme court has no evidentiary value and is without prejudice to the respondent's defense of the proceeding or the prosecution of the complaint.

[2] SCR 20:8.4(b) states that it is professional misconduct for a lawyer to "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."

¶ 2. After our independent review of the matter, we approve the SCR 22.12 stipulation and adopt its stipulated facts and conclusions of law. We determine that the serious nature of Attorney Chvala's professional misconduct warrants a two-year suspension of his license to practice law in this state, retroactive to April 10, 2006, the date of the summary suspension of his license. In view of the stipulated nature of this proceeding and pursuant to the OLR's request, we do not assess the costs of the disciplinary proceedings against Attorney Chvala.

¶ 3. Attorney Chvala was admitted to practice law in Wisconsin in 1979. Prior to the present matter, he had not been the subject of any disciplinary proceedings. He previously served as a state senator and was elected by his colleagues as minority leader, and later majority leader in the state senate.

¶ 4. On October 17, 2002, the State filed a criminal complaint against Attorney Chvala in Dane County Circuit Court. The complaint charged Attorney Chvala with 20 counts of criminal conduct, including three counts of extortion, seven counts of misconduct in public office, one count of unlawful political contributions, three counts of being party to the crime of campaign contributions exceeding lawful limits, five counts of being party to the crime of filing a false report with the State of Wisconsin Elections Board, and one count of conspiracy to make campaign contributions exceeding lawful limits. The State ultimately filed an information containing 19 counts.

¶ 5. On October 23, 2005, Attorney Chvala and the State entered into a plea agreement, pursuant to which the parties agreed to resolve all of the pending charges. Under the plea agreement, Attorney Chvala agreed that he would plead guilty to one count of

misconduct in public office (a Class E felony) and one count of making a campaign contribution exceeding the lawful limit, as party to the crime (an unclassified felony). The agreement further provided that eight counts would be dismissed outright and with prejudice and that six counts would be dismissed but "read in" for sentencing purposes. The agreement also provided that the remaining three counts would be dismissed with the understanding that Attorney Chvala continued to dispute them and that both sides would be free to comment on those counts at Attorney Chvala's sentencing hearing.

¶ 6. Pursuant to the plea agreement, Attorney Chvala pled guilty to the two agreed-upon charges on October 25, 2005. On December 15, 2005, the circuit court withheld sentence and placed Attorney Chvala on two years of probation. One of the conditions of his probation was that Attorney Chvala would serve nine months in jail with work-release privileges. In addition, the circuit court ordered that Attorney Chvala refrain from engaging in any lobbying activity during the period of probation.

¶ 7. On November 4, 2005, the OLR filed a petition for the summary suspension of Attorney Chvala's license to practice law. Attorney Chvala objected to the summary suspension. After receiving briefs from both the OLR and Attorney Chvala, the court summarily suspended Attorney Chvala's license pursuant to SCR 22.20 on April 10, 2006.

¶ 8. On June 9, 2006, the OLR filed a two-count disciplinary complaint against Attorney Chvala. Based on Attorney Chvala's guilty pleas to the criminal charges, the complaint alleged that from July through November 1998, Attorney Chvala exercised his discretionary power in a manner inconsistent with the duties

of his public office with the intent to obtain a dishonest advantage for another by directing employees of the Senate Democratic Caucus to participate in and manage state senate campaigns while on state time, contrary to Wis. Stat. § 946.12(3) (1997–98).[3] The OLR's complaint alleged that this conduct constituted a criminal act that reflects adversely on Attorney Chvala's honesty, trustworthiness or fitness as a lawyer, contrary to SCR 20:8.4(b).

¶ 9. The second count of the OLR's complaint alleged that by intentionally using his political action committee, Independent Citizens for Democracy, to make unlawful campaign contributions, in violation of Wis. Stat. §§ 11.26(2)(b), 11.61(1)(b), and 939.05, Attorney Chvala committed a criminal act that also violated SCR 20:8.4(b). The OLR's complaint sought a two-year license suspension, retroactive to the summary suspension on April 10, 2006.

¶ 10. After the filing of the disciplinary complaint, the OLR and Attorney Chvala filed the present SCR 22.12 stipulation. The stipulation repeats the description of the two counts of misconduct alleged in the OLR's complaint. The stipulation states that it represents Attorney Chvala's admission to all of the misconduct described in the two counts. It further provides that Attorney Chvala agrees to the imposition of the discipline sought by the OLR, namely, a two-year license suspension, retroactive to the date of the summary suspension of Attorney Chvala's license.

¶ 11. The stipulation properly states that Attorney Chvala fully understands the allegations of professional misconduct, the ramifications of the stipulated

---

[3] All further references to the Wisconsin Statutes are to the 1997–98 version unless otherwise noted.

level of discipline, his right to contest the matter, and his right to consult with counsel, which he has previously exercised although he is currently proceeding pro se. The stipulation also provides that Attorney Chvala is entering it knowingly and voluntarily, with knowledge that if his license to practice law in this state is suspended for the requested two years, it will not be reinstated until he successfully petitions for reinstatement pursuant to the procedures in SCR 22.29—.33.

¶ 12. The OLR filed a memorandum in support of the stipulation. The memorandum stated that in determining the appropriate level of discipline to seek, the director of the OLR had considered prior Wisconsin precedent, the ABA Standards for Imposing Lawyer Sanctions, and the specific circumstances of Attorney Chvala's case. Aggravating factors included that Attorney Chvala had breached the public trust and had acted with an intent to gain an unfair advantage in political campaigns, all of which had undermined the public's confidence in its elected officials. On the mitigating side, the OLR noted that Attorney Chvala had not previously been subject to disciplinary action during more than 25 years of practice, that he had exhibited remorse during his criminal case, and that he had cooperated with the OLR's investigation and prosecution. The OLR also pointed out the other consequences that Attorney Chvala will face for his actions, including a felony conviction and serving nine months in a county jail.

¶ 13. After our independent review of the matter, we determine that the SCR 22.12 stipulation should be accepted. Through his plea agreement and convictions in the criminal case and the stipulation in this disciplinary proceeding, Attorney Chvala has admitted mul-

211

tiple criminal acts that involved breaches of the public trust committed to elected officials in this state. His criminal acts and the resulting convictions represent serious violations of the Supreme Court Rules of Professional Conduct that every lawyer in this state is duty-bound to uphold. We conclude that a two-year suspension of Attorney Chvala's license to practice law in this state is necessary to impress on him and on the other lawyers who are licensed in Wisconsin the seriousness of the misconduct in which Attorney Chvala engaged. Consistent with our past practice in other cases involving criminal convictions, we make the suspension retroactive to the date on which Attorney Chvala's license was summarily suspended.

¶ 14. In light of the fact that Attorney Chvala entered into a comprehensive stipulation, thereby obviating the need for the appointment of a referee, and his cooperation with the OLR's investigation and prosecution, we agree with the OLR's request that the costs of this disciplinary proceeding not be assessed against Attorney Chvala.

¶ 15. IT IS ORDERED that the license of Charles J. Chvala to practice law in Wisconsin is suspended for two years, retroactive to April 10, 2006.

¶ 16. IT IS FURTHER ORDERED that to the extent he has not already done so, Attorney Chvala shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶ 17. DAVID T. PROSSER, J. and LOUIS B. BUTLER, JR. J., took no part.