IN THE MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Charles J. CHVALA, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Charles J. CHVALA, Respondent.

Supreme Court

*No. 2006AP1423–D. Decided September 18, 2008.*

2008 WI 117

(Also reported in 755 N.W.2d 613.)

¶ 1. PER CURIAM.   We review the recommenda-
tion of the referee, Kim Peterson, that the petition of
Charles J. Chvala for the reinstatement of his license to
practice law in this state be granted. Because no party
has responded to or appealed from that report and
recommendation, our review proceeds under SCR
22.33(3).[1]

¶ 2.   After independently reviewing the matter, we
determine that Attorney Chvala has met his burden to
obtain reinstatement of his license to practice law in
Wisconsin. We also conclude that Attorney Chvala
should be required to pay the outstanding costs of this
reinstatement proceeding, which were $2,091.29 as of
July 10, 2008.

¶ 3.   The standards that apply to all petitions seek-
ing reinstatement after a disciplinary suspension/ revo-
cation are set forth in SCR 22.31(1).[2] In particular, the
petitioning attorney must demonstrate by clear, satis-
factory, and convincing evidence that he or she has the

---

[1] SCR 22.33(3) provides that "[i]f no appeal is timely filed,
the supreme court shall review the referee's report, order
reinstatement, with or without conditions, deny reinstatement,
or order the parties to file briefs in the matter."

[2] SCR 22.31(1) states:

moral character necessary to practice law in this state, that his or her resumption of the practice of law will not be detrimental to the administration of justice or subversive of the public interest, and that the attorney has complied fully with the terms of the suspension order and SCR 22.26. In addition, SCR 22.31(1)(c) incorporates the statements that a petition for reinstatement must contain pursuant to SCR 22.29(4)(a)-(4m).[3] Thus, the petitioning attorney must demonstrate that the

The petitioner has the burden of demonstrating, by clear, satisfactory, and convincing evidence, all of the following:

(a) That he or she has the moral character to practice law in Wisconsin.

(b) That his or her resumption of the practice of law will not be detrimental to the administration of justice or subversive of the public interest.

(c) That his or her representations in the petition, including the representations required by SCR 22.29(4)(a) to [(4m)] and 22.29(5), are substantiated.

(d) That he or she has complied fully with the terms of the order of suspension or revocation and with the requirements of SCR 22.26.

[3] SCR 22.29(4)(a) through (4m) provides that a petition for reinstatement shall show all of the following:

(a) The petitioner desires to have the petitioner's license reinstated.

(b) The petitioner has not practiced law during the period of suspension or revocation.

(c) The petitioner has complied fully with the terms of the order of suspension or revocation and will continue to comply with them until the petitioner's license is reinstated.

(d) The petitioner has maintained competence and learning in the law by attendance at identified educational activities.

(e) The petitioner's conduct since the suspension or revocation has been exemplary and above reproach.

required representations in the reinstatement petition are substantiated.

¶ 4. Attorney Chvala was admitted to practice law in Wisconsin in January 1979. In addition to practicing law, for a number of years he served as a state senator, becoming minority leader and then majority leader in the senate.

¶ 5. On May 2, 2007, based on a stipulation between Attorney Chvala and the Office of Lawyer Regulation (OLR), this court suspended Attorney Chvala's license to practice law for a period of two years, retroactive to April 10, 2006, which was the date on which Attorney Chvala's license had been summarily suspended. *In re Disciplinary Proceedings Against Chvala,* 2007 WI 47, ¶ 15, 300 Wis. 2d 206, 730 N.W.2d 648. Attorney Chvala's suspension resulted from his criminal convictions, based on his guilty pleas under a plea

(f) The petitioner has a proper understanding of and attitude toward the standards that are imposed upon members of the bar and will act in conformity with the standards.

(g) The petitioner can safely be recommended to the legal profession, the courts and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence and in general to aid in the administration of justice as a member of the bar and as an officer of the courts.

(h) The petitioner has fully complied with the requirements set forth in SCR 22.26.

(j) The petitioner's proposed use of the license if reinstated.

(k) A full description of all of the petitioner's business activities during the period of suspension or revocation.

(4m) The petitioner has made restitution to or settled all claims of persons injured or harmed by petitioner's misconduct, including reimbursement to the Wisconsin lawyers' fund for client protection for all payments made from that fund, or, if not, the petitioner's explanation of the failure or inability to do so.

agreement, for two felonies: misconduct in public office and being party to the crime of making campaign contributions in excess of lawful limits. In addition, six other felony counts were dismissed and read in for sentencing purposes while the remaining counts were simply dismissed on the prosecutor's motion. *See State v. Straszkowki*, 2008 WI 65, 310 Wis. 2d 259, 750 N.W.2d 835 (discussing effect of "read-in charges"). The circuit court withheld sentence and placed Attorney Chvala on probation for a period of two years, with the condition that he spend nine months in the county jail with work-release privileges.

¶ 6. On January 10, 2008, Attorney Chvala filed a petition seeking the reinstatement of his license to practice law. As required by SCR 22.29, the petition stated, among other things, that Attorney Chvala had not practiced law during his suspension, that he had otherwise complied with the terms of the suspension order, that he had maintained competence in the law by attending 32 hours of continuing legal education (including four hours regarding legal ethics) in 2007, that he had been successfully released from probation on December 15, 2007, and that he had paid all fines and costs imposed on him in the prior criminal proceeding. The petition averred that during the period of suspension, Attorney Chvala had worked on developing commercial real estate projects, had managed other business projects, had acted as a commercial real estate broker until August 1, 2007, and had performed marketing consulting services. The petition further stated that Attorney Chvala intended, if reinstated, to engage in the general practice of law as he had done prior to the suspension of his license.

¶ 7. The Board of Bar Examiners (BBE) and the OLR both submitted memoranda prior to the reinstate-

ment hearing supporting reinstatement on the basis of the facts known to them. The OLR's pre-hearing memorandum, which was quite lengthy, described the results of its investigation concerning the petition for reinstatement. The OLR noted that it had obtained from Attorney Chvala the names of five references, each of whom was an attorney, and that each of the references had given a favorable recommendation in support of Attorney Chvala's reinstatement. One reference stated that he had observed Attorney Chvala strictly complying with the terms of his suspension, including telling individuals that he could no longer practice law and suggesting that they consult a licensed attorney. Another reference also indicated that Attorney Chvala had sent individuals to consult with him since Attorney Chvala could not represent them. The OLR concluded that based on the information it had obtained during its investigation, Attorney Chvala had satisfied the requirements for reinstatement.

¶ 8. Attorney Kim Peterson was appointed referee in this matter. Referee Peterson held a reinstatement hearing on May 23, 2008.

¶ 9. The referee subsequently issued a report recommending that Attorney Chvala's license to practice law in this state be reinstated. The referee found that Attorney Chvala had proven each of the requirements for reinstatement by clear, satisfactory, and convincing evidence. For example, the referee determined that Attorney Chvala had complied with the terms of his suspension and the provisions of SCR 22.26, which impose certain obligations upon an attorney in connection with a suspension or revocation. She also concluded that he had satisfied the requirements of SCR 22.29(4)(a)-(4m). In particular, the referee concluded that Attorney Chvala had demonstrated that he has the moral character to practice law in this state and that his

resumption of the practice of law will not be detrimental to the administration of justice or subversive of the public interest. *See* SCR 22.31(1).

¶ 10.    The referee commented that, like many attorneys seeking reinstatement, Attorney Chvala had been able to present multiple recommendations from respected attorneys and public figures. These individuals described numerous desirable character traits that support the conclusion that Attorney Chvala would be a good attorney and would work for the public good. What the referee found important was that, despite Attorney Chvala's high profile as a former legislator and the public attention that surrounded his criminal case, no one either appeared at the reinstatement hearing or submitted a letter to oppose his reinstatement. Indeed, during the OLR's own investigation concerning the reinstatement petition, no one argued against the reinstatement of Attorney Chvala's license to practice law in Wisconsin.

¶ 11.    The referee further stated that Attorney Chvala had expressed remorse for his past conduct. He had indicated that he had considered his past behavior, examined his shortcomings, and had made efforts to minimize those traits that had led to his professional misconduct. The referee stated that she was confident that Attorney Chvala had learned from the events of the past few years so that he will proceed in the practice of law with an appropriate respect for and understanding of the ethical standards that all Wisconsin attorneys must meet.

■

¶ 12.    Having independently considered the matter, we determine that the referee's findings of fact are not clearly erroneous. *See In re Disciplinary Proceedings Against Carroll*, 2004 WI 19, ¶ 9, 269 Wis. 2d 172, 675 N.W.2d 792 (referee's factual findings affirmed un-

less clearly erroneous). We also agree with the referee that based upon those factual findings, Attorney Chvala has satisfied the legal requirements for the reinstatement of his license to practice law in Wisconsin. *Id.* (referee's conclusions of law reviewed on a de novo basis). We note that Attorney Chvala had practiced law for more than 20 years without ever having been subject to professional discipline prior to his current suspension. In addition, although Attorney Chvala's professional misconduct arose in the course of his work as a state senator and was a serious breach of the public trust, it did not directly relate to his work as a practicing lawyer representing clients. Based on the referee's findings of fact, we have no reason to believe that Attorney Chvala will not comport himself in accordance with his professional obligations as an attorney, and we therefore grant Attorney Chvala's petition for reinstatement. We further determine that Attorney Chvala should be required to pay the full costs of this reinstatement proceeding.

¶ 13. IT IS ORDERED that Charles J. Chvala's license to practice law in Wisconsin is reinstated effective the date of this order.

¶ 14. IT IS FURTHER ORDERED that within 60 days of the date of this order Charles J. Chvala shall pay to the Office of Lawyer Regulation the costs of this proceeding. If the costs are not paid within the time specified, and absent a showing to this court of his inability to pay the costs within that time, the license of Charles J. Chvala to practice law in Wisconsin shall be suspended until further order of the court.

¶ 15. DAVID T. PROSSER, J., and MICHAEL J. GABLEMAN, J., did not participate.