# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2014AP1651-D |

| | |
|---|---|
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against David G. Dudas, Attorney at Law: |
| | Office of Lawyer Regulation, Complainant, v. David G. Dudas, Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST DUDAS

| | |
|---|---|
| OPINION FILED: | January 27, 2021 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| Per Curiam. | |
| NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2014AP1651-D

STATE OF WISCONSIN                    :          IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against David G. Dudas, Attorney at Law:**

**Office of Lawyer Regulation,**

    **Complainant,**

      **v.**

**David G. Dudas,**

    **Respondent.**

**FILED**

**JAN 27, 2021**

Sheila T. Reiff
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license revoked.*

¶1 PER CURIAM. We review a stipulation filed pursuant to Supreme Court Rule (SCR) 22.12 by the Office of Lawyer Regulation (OLR) and Attorney David G. Dudas. In the stipulation, Attorney Dudas enters a no contest plea to the OLR's complaint and agrees that he committed the one count of professional misconduct alleged in the complaint, which was committing criminal acts that reflect adversely on his honesty, trustworthiness, or fitness as a lawyer in other respects. Attorney Dudas agrees that revocation of his license to practice

law in Wisconsin is a proper level of discipline for this misconduct.

¶2 After reviewing the matter, we approve the stipulation and revoke Attorney Dudas' license to practice law in this state. We accede to the parties' request that the commencement date of the revocation be May 21, 2014, which was the date of the summary suspension of Attorney Dudas' law license. Because this matter is being resolved without the appointment of a referee, we impose no costs on Attorney Dudas.

¶3 Attorney Dudas was admitted to practice law in Wisconsin in 1989. He practiced in Stevens Point.

¶4 On August 16, 2013, Attorney Dudas was charged with 31 criminal counts in Outagamie County Circuit Court. On April 30, 2014, following a trial, an Outagamie County jury found Attorney Dudas guilty of 30 criminal counts, including felony first-degree sexual assault, felony second-degree reckless injury, felony substantial battery, 14 counts of felony second-degree sexual assault, 11 counts of felony strangulation and suffocation, one count of misdemeanor battery, and one count of misdemeanor intimidation of a victim.

¶5 Following the jury's verdict in the criminal case, the OLR moved pursuant to SCR 22.20 for a summary suspension of Attorney Dudas' Wisconsin law license. On May 21, 2014, this court granted the motion and suspended Attorney Dudas' law license until further order of the court.

¶6 On July 16, 2014, the OLR filed a disciplinary complaint alleging that Attorney Dudas' criminal acts reflected

adversely on his honesty, trustworthiness, or fitness as a lawyer in other respects, in violation of SCR 20:8.4(b).[1]

¶7 Attorney Dudas pursued postconviction relief in the criminal case. The parties filed a joint request for a stay of the disciplinary proceeding and the continuance of Attorney Dudas' summary suspension pending postconviction and appellate proceedings in the criminal case. On January 12, 2015, this court granted the request, holding the disciplinary proceeding in abeyance and continuing the summary license suspension.

¶8 Attorney Dudas filed an appeal of his criminal convictions in December 2016. The appeal was pending in the Wisconsin court system for years. During that time, the OLR and Attorney Dudas, through counsel, communicated about the status of the appeal and whether Attorney Dudas would file an SCR 22.19 petition for consensual license revocation or stipulate to the revocation of his license as sought by the OLR. The OLR communicated to Attorney Dudas that should revocation be imposed, it would request this court to order the revocation to commence on May 21, 2014, the date the underlying related summary suspension had commenced.

¶9 The court of appeals affirmed the judgment of conviction on February 18, 2020. On June 16, 2020, this court denied Attorney Dudas' petition for review.

---

[1] SCR 20:8.4(b) provides: "It is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."

¶10 On July 14, 2020, this court ordered the parties to file a status report why the stay of the disciplinary proceeding should not be lifted. The stay was lifted on October 21, 2020. The stipulation and no contest plea were filed on October 27, 2020. In the stipulation, Attorney Dudas acknowledges that to date the judgment of conviction remains unreversed following the completion of his direct appeal in state court. He acknowledges that under the present state of his case the OLR could establish his violation of SCR 20:8.4(b).

¶11 The stipulation states that Attorney Dudas answers the OLR's disciplinary complaint by entering a no contest plea, and he agrees that this court may use the allegations of the disciplinary complaint as an adequate factual basis for a determination of misconduct. He states he enters into the stipulation to resolve the pending proceeding and enters the no contest plea to the misconduct allegation for purposes of professional discipline only. He states he reserves his right to pursue collateral challenges to his criminal convictions in state or federal courts. The stipulation avers that neither Attorney Dudas nor the OLR intend that the stipulation will impact future litigation in Attorney Dudas' criminal matter.

¶12 The stipulation goes on to state that it does not result from plea-bargaining. It notes that the OLR's position on sanction has remained constant throughout the proceeding.

¶13 Attorney Dudas represents and verifies that he fully understands the misconduct allegation; that he fully understands the ramifications should this court impose the stipulated level

4

of discipline; that he fully understands his right to contest this matter; that he fully understands his right to consult with counsel and that he has had the benefit of advice of counsel throughout the proceeding; that his entry into the stipulation is made knowingly and voluntarily; and that his entry into the stipulation represents his decision not to contest the allegations in the complaint or the level and type of discipline sought by the OLR's director.

¶14 Having reviewed the stipulation and the OLR's memorandum in support of the stipulation, we approve the stipulation and adopt the stipulated facts and legal conclusions of professional misconduct. Given the extreme seriousness of the felony criminal convictions that underlie the misconduct allegation contained in the OLR's complaint, we agree that the revocation of Attorney Dudas' license to practice law in this state is an appropriate level of discipline. Consistent with this court's treatment of discipline imposed in proceedings that are filed following an SCR 22.20 summary suspension, we agree that it is appropriate to set the commencement date of the revocation for May 21, 2014, the effective date of the underlying SCR 22.20 summary suspension. See, e.g., In re Disciplinary Proceedings Against Washington, 2007 WI 65, 301 Wis. 2d 47, 732 N.W.2d 24; In re Disciplinary Proceedings Against Chvala, 2007 WI 47, 300 Wis. 2d 206, 730 N.W.2d 648. In its memorandum in support of the stipulation, the OLR states the public will not be put at risk by a retroactive revocation commencement date since Attorney Dudas' Wisconsin law license

5

will remain revoked unless and until he is able to prove his fitness to regain his license in a reinstatement proceeding. Since this matter was resolved without the need for the appointment of a referee, no costs will be imposed.

¶15 IT IS ORDERED that the license of David G. Dudas to practice law in Wisconsin is revoked, retroactive to May 21, 2014.

¶16 IT IS FURTHER ORDERED that, to the extent he has not already done so, David G. Dudas shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been revoked.