In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Patrick Michael COOPER, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Patrick Michael COOPER, Respondent.

Supreme Court

*No. 2005AP2744–D. Decided March 23, 2007.*

2007 WI 37

(Also reported in 729 N.W.2d 206.)

¶ 1. PER CURIAM. We review the referee's recommendation that we suspend Attorney Patrick Michael Cooper's license to practice law for a period of three years for professional misconduct. Neither the Office of Lawyer Regulation (OLR) nor Attorney Cooper has appealed the referee's recommendation. Therefore, the matter is submitted to the court for review pursuant to SCR 22.17(2).[1] In conducting our review we will affirm the referee's findings of fact unless they are clearly erroneous. *See In re Disciplinary Proceedings Against Sosnay,* 209 Wis. 2d 241, 243, 562 N.W.2d 137 (1997). We review the referee's conclusions of law de novo. *See In re Disciplinary Proceedings Against Carroll,* 2001 WI 130, ¶ 29, 248 Wis. 2d 662, 636 N.W.2d 718. In accordance with our authority to supervise the practice of law in this state, we determine the level of discipline that is appropriate under the particular circumstances, independent of the referee's recommendation, but benefiting from it. *See In re Disciplinary Proceedings Against Widule,* 2003 WI 34, ¶ 44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶ 2. Attorney Cooper was admitted to practice law in Wisconsin in 1993. He had no disciplinary history prior to the filing of this complaint. His law license is currently suspended.[2]

---

[1] SCR 22.17(2) provides: Review; appeal.

(2) If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline. The court, on its own motion, may order the parties to file briefs in the matter.

[2] Attorney Cooper's license to practice law in Wisconsin was administratively suspended in October 2005 for failing to pay

¶ 3. The OLR filed a complaint against Attorney Cooper on November 8, 2005. Attorney Cooper filed a cursory answer, simply denying the allegations. On February 17, 2006, the OLR filed a lengthy amended complaint, alleging some 33 separate counts of alleged misconduct. Again, Attorney Cooper filed a cursory answer that did not respond to the specific allegations.

¶ 4. The matter was assigned to a referee and a series of telephone conferences were scheduled. Attorney Cooper could not be reached for the first conference. The next two conferences were postponed when Attorney Cooper requested an opportunity to consult with a lawyer. Less than one hour before the fourth scheduled conference, Attorney Cooper sent the referee a facsimile transmission, indicating he was "unavailable today." This facsimile was the last communication received from Attorney Cooper in this disciplinary proceeding. As the referee stated in the report: "Despite numerous subsequent notices, letters, facsimile transmissions, e-mails, and telephone calls, [Attorney Cooper] did not contact us by any means whatsoever and never answered his phone." Attorney Cooper also failed to comply with the referee's order directing him to file an amended answer that complied with standard procedural requirements. He failed to appear at the hearing scheduled on the OLR's motion for a default judgment. Eventually, the referee entered a default judgment in favor of the OLR. Attorney Cooper then failed to appear at the scheduled hearing to consider the appropriate sanctions for his misconduct.

his mandatory state bar dues. In December 2005 his license was temporarily suspended for failure to cooperate with the OLR in the investigation that gave rise to this proceeding.

¶ 5. Because Attorney Cooper failed to participate in the disciplinary proceeding, the referee eventually adopted as true the allegations contained in the amended complaint.

¶ 6. The misconduct in this case is serious. The complaint alleges, and the referee found, that Attorney Cooper committed at least 35 separate instances of professional misconduct, affecting some seven clients as well as a retained expert. Given the breadth and scope of the misconduct and the fact that the factual allegations were not challenged by Attorney Cooper, we will only summarize the referee's extensive findings of misconduct in our decision.

¶ 7. The amended complaint alleged that Attorney Cooper repeatedly violated SCR 20:8.4(c),[3] which prohibits conduct involving fraud, deceit or misrepresentation. Several of these claims involved misconduct with respect to financial transactions. The OLR alleged, and the referee found, that Attorney Cooper issued at least 17 checks totaling $25,656.85 from his business account during August and September 2003 knowing that his business account was either overdrawn or held no money when the checks were issued.

¶ 8. The OLR alleged, and the referee found, that Attorney Cooper converted to his own use $4424.99 in funds that were delivered to Attorney Cooper in connection with a settlement involving one of his clients.

¶ 9. The OLR alleged, and the referee found, that Attorney Cooper hired M.E. as an expert to complete a vocational assessment in a pending worker's compensation matter. Attorney Cooper induced M.E. to deliver

---

[3] SCR 20:8.4(c) states that it is professional misconduct to engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

the vocational assessment by promising "immediate" payment of $660, knowing that he had insufficient funds to make this payment. The OLR further alleged, and the referee found, that Attorney Cooper then issued a check from his business account to M.E. in the amount of $660, knowing the account was overdrawn. M.E. was required to make numerous requests for payment. The OLR alleged, and the referee found, that Attorney Cooper converted to his own personal use the $660 in funds to which M.E. was entitled.

¶ 10. Other alleged violations of SCR 20:8.4(c) involved misrepresentations made by Attorney Cooper to certain clients. More specifically, the OLR alleged, and the referee found, that Attorney Cooper misrepresented to his client, C.H., that her wrongful termination case was proceeding properly when he had not actually filed any claim on her behalf. The OLR alleged, and the referee found, that Attorney Cooper misrepresented the status of his client C.B.'s worker's compensation case when he had not actually filed a claim on her behalf.

¶ 11. Thus, the referee concluded, and we agree, that each of the seven foregoing incidents constituted conduct involving dishonesty, fraud, deceit or misrepresentation in violation of SCR 20:8.4(c).

¶ 12. The amended complaint also alleged three violations of the trust account rule, former SCR 20:1.15(a) and SCR 20:1.15(b),[4] which were in effect

---

[4] Former SCR 20:1.15 applies to misconduct committed prior to July 1, 2004. Former SCR 20:1.15(a) and (b) provide in relevant part:

(a) A lawyer shall hold in trust, separate from the lawyer's own property, that property of clients and third persons that is in

67

prior to July 1, 2004. The referee found that on one occasion Attorney Cooper deposited $13,000 into his personal account rather than a trust account, on another occasion he deposited $660 owed to M.E., a retained vocational expert, into his personal account rather than a trust account, and on a third occasion Attorney Cooper failed to notify M.E. that he had received funds intended to pay for the vocational assessment and failed to deliver those funds to M.E. We agree that these infractions constitute violations of former SCR 20:1.15(a) and SCR 20:1.15(b).

¶ 13. The amended complaint also alleged, and the referee found, that Attorney Cooper failed to communicate or cooperate with the OLR in several instances, including making several material misrepresentations to the OLR regarding his failure to compensate M.E. for the completed vocational assess-

---

the lawyer's possession in connection with a representation or when acting in a fiduciary capacity. . . . All funds of clients and third persons paid to a lawyer or law firm shall be deposited in one or more identifiable trust accounts . . . . The trust account shall be maintained in a bank, savings bank, trust company, credit union, savings and loan association or other investment institution authorized to do business and located in Wisconsin. The trust account shall be clearly designated as "Client's Account" or "Trust Account" or words of similar import. No funds belonging to the lawyer or law firm, except funds reasonably sufficient to pay or avoid imposition of account service charges, may be deposited in such an account. . . .

(b) Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person in writing. Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall render a full accounting regarding such property.

68

ment; making misrepresentations to OLR about his handling of settlement checks; failing to provide information to the OLR regarding the matter of M.E., the retained vocational assessment expert; failing to provide information to the OLR relating to three other client matters; misrepresenting to the OLR that he had transmitted a requested document that he had not in fact sent; and failing to provide the OLR with a copy of a requested client file. The referee concluded and we agree that each of these instances violated SCR 22.03(6),[5] which is actionable pursuant to SCR 20:8.4(f).[6]

¶ 14. We also agree with the referee's findings and conclusions that Attorney Cooper violated SCR 20:1.5(e)[7] by engaging in improper fee splitting, and

---

[5] SCR 22.03(6) provides that "[i]n the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance."

[6] SCR 20:8.4(f) provides that it is misconduct to "violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers."

[7] SCR 20:1.5(e) provides that division of a fee between lawyers who are not in the same firm may be made only if the total fee is reasonable and:

> (1) the division is based on the services performed by each lawyer, and the client is advised of and does not object to the participation of all the lawyers involved and is informed if the fee will increase as a result of their involvement; or

> (2) the lawyers formerly practiced together and the payment to one lawyer is pursuant to a separation or retirement agreement between them; or

that he violated SCR 20:1.16(d)[8] on two occasions when he failed to deliver a client's file to successor counsel for weeks after the request was made, and also failed to respond to numerous telephone messages requesting delivery of the client file.

■

¶ 15. The amended complaint also alleged, and the referee found, some seven instances in which Attorney Cooper failed to keep his clients reasonably informed about the status of their respective cases or failed to respond to their reasonable requests for information.[9] The referee concluded, and we agree, that Attorney Cooper thereby violated SCR 20:1.4(a).[10]

(3) pursuant to the referral of a matter between the lawyers, each lawyer assumes the same ethical responsibility for the representation as if the lawyers were partners in the same firm, the client is informed of the terms of the referral arrangement, including the share each lawyer will receive and whether the overall fee will increase, and the client consents in a writing signed by the client.

[8] SCR 20:1.16(d) provides:

Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

[9] The affected clients were J.J., S.K. (2 counts), C.H., C.B., W.E. and D.C.

[10] SCR 20:1.4(a) provides that a lawyer shall:

(1) Promptly inform the client of any decision or circumstance with respect to which the client's informed consent, as defined in SCR 20:1.0(f), is required by these rules;

¶ 16. In addition, the complaint alleged, and the referee found, that Attorney Cooper failed to act with diligence in four client matters[11] in violation of SCR 20:1.3,[12] and, on two occasions, failed to provide clients C.B. and D.C. with sufficient information to make an informed decision, violating SCR 20:1.4(b).[13]

¶ 17. Having accepted the referee's factual findings and the legal conclusions drawn from those findings, we turn to the question of the appropriate discipline for Attorney Cooper's misconduct.

¶ 18. Initially, this court considered whether the recommended three year suspension was adequate in view of the extensive misconduct committed in this matter. On October 12, 2006, the court issued an order asking the parties to evaluate whether revocation might be appropriate here, noting that the referee had also considered revocation as a possible sanction in this matter. We note that the OLR has advised that restitution is not required here.

---

(2) reasonably consult with the client about the means by which the client's objectives are to be accomplished;

(3) keep the client reasonably informed about the status of the matter;

(4) promptly comply with reasonable requests by the client for information; and

(5) consult with the client about any relevant limitation on the lawyer's conduct when the lawyer knows that the client expects assistance not permitted by the Rules of Professional Conduct or other law.

[11] The affected clients were S.K., C.H., C.B. and D.C.

[12] SCR 20:1.3 provides that "[a] lawyer shall act with reasonable diligence and promptness in representing a client."

[13] SCR 20:1.4(b) provides that a "lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation."

71

¶ 19. Ultimately, like the referee, we accept the OLR's recommendation that a three year suspension is adequate discipline. We acknowledge that there are numerous aggravating circumstances here including the multiple offenses and pervasive pattern of misconduct. Attorney Cooper's own dealings with the OLR are a significant aggravating factor. As the referee observed: "In simple terms, [Attorney Cooper] attempted to obstruct and thwart the OLR's investigation through lies and 'stonewalling.' " Indeed, perhaps the only mitigating circumstances here are the lack of prior disciplinary history and the fact that Attorney Cooper repaid M.E., from whom he converted funds.

¶ 20. However, we acknowledge that Attorney Cooper's lack of previous disciplinary history warrants some consideration. Short of revocation, a three year suspension is one of the most punitive sanctions imposed by this court. A three year suspension for the misconduct committed in this case is consistent with prior disciplinary decisions, as well. *See, e.g., In re Disciplinary Proceedings Against Brown-Perry,* 2003 WI 151, 267 Wis. 2d 184, 672 N.W.2d 287; *In re Disciplinary Proceedings Against Tully,* 2005 WI 100, 283 Wis. 2d 124, 699 N.W.2d 882. Accordingly, we accept the referee's recommendation and suspend Attorney Cooper's license for a period of three years. He is further ordered to pay the costs of this proceeding which total $3731.34, as of August 22, 2006.

¶ 21. IT IS ORDERED that the license of Patrick Michael Cooper to practice law in Wisconsin is suspended for a period of three years, effective the date of this order.

¶ 22. IT IS FURTHER ORDERED that Patrick Michael Cooper comply with the provisions of SCR

22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended if he has not already done so.

¶ 23. IT IS FURTHER ORDERED that within 60 days of the date of this order Patrick Michael Cooper pay to the Office of Lawyer Regulation the costs of this proceeding. If the costs are not paid within the time specified, and absent a showing to this court of his inability to pay the costs within that time, the license of Patrick Michael Cooper to practice law in Wisconsin shall remain suspended until further order of the court.