# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2012AP2334-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Patrick M. Cooper, Attorney at Law: <br><br> Office of Lawyer Regulation, <br>         Complainant, <br>     v. <br> Patrick M. Cooper, <br>         Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST COOPER

| | |
|---|---|
| OPINION FILED: | June 26, 2013 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|    COURT: | |
|    COUNTY: | |
|    JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
|    CONCURRED: | |
|    DISSENTED: | |
|    NOT PARTICIPATING: | |

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.    2012AP2334-D

STATE OF WISCONSIN                :       IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Patrick M. Cooper, Attorney at Law:**

**Office of Lawyer Regulation,**

      **Complainant,**

  **v.**

**Patrick M. Cooper,**

      **Respondent.**

**FILED**

**JUN 26, 2013**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶1   PER CURIAM.  We review the report of the referee, Attorney Christine Harris Taylor, recommending that Attorney Patrick M. Cooper's license to practice law in Wisconsin be suspended for a period of two years, retroactive to the expiration of his prior disciplinary suspension.  The referee's recommendation was based on the stipulation and no contest plea entered by Attorney Cooper.  The referee has further recommended

that Attorney Cooper be required to pay the costs of this disciplinary proceeding, which were $913.94 as of April 9, 2013. No appeal has been filed in this matter. Accordingly, our review proceeds pursuant to SCR 22.17(2).[1]

¶2 The Office of Lawyer Regulation (OLR) filed the present complaint against Attorney Cooper in October 2012. The complaint set forth 42 counts of misconduct arising out of nine separate client representations.[2] The complaint asked for an additional two-year suspension of Attorney Cooper's license. Attorney Cooper filed an answer in which he denied all of the material factual allegations against him and asserted that the delay in bringing the current charges of misconduct violated his due process rights.

¶3 After the appointment of a referee, Attorney Cooper entered into a stipulation with the OLR. Pursuant to the stipulation, Attorney Cooper withdrew his answer, agreed that the referee could use the allegations of the complaint as a factual basis for a determination of misconduct, and pled no

---

[1] SCR 22.17(2) states:

> If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline. The court, on its own motion, may order the parties to file briefs in the matter.

[2] The OLR and the referee refer to the complaint as containing 41 counts. Because of a numbering error, it actually contains 42 counts, which is the number that we will use in this decision.

2

contest to each of the counts set forth in the OLR's complaint. The stipulation requested the referee to recommend that the court (1) impose a two-year suspension as sought by the OLR and (2) make that suspension retroactive to the date on which Attorney Cooper's prior suspension expired. In the stipulation, Attorney Cooper represents that he fully understands the allegations of misconduct against him and his right to contest those charges of misconduct, that he understands the ramifications of entering into the stipulation, that he understands his right to consult with counsel and has decided to proceed on a pro se basis, and that he is entering into the stipulation knowingly and voluntarily.

¶4 Pursuant to the stipulation, the referee made findings of fact based on the allegations of the complaint. Those findings are summarized in the following paragraphs.

¶5 Attorney Cooper was admitted to the practice of law in September 1993. As discussed below, Attorney Cooper's license to practice law is currently suspended. The most recent address he has provided to the State Bar of Wisconsin is in Mequon, Wisconsin.

¶6 Attorney Cooper's license to practice law in this state was administratively suspended on October 31, 2005, for failure to pay mandatory bar dues and assessments.[3] On December 14, 2005, this court also temporarily suspended

---

[3] An additional administrative suspension for failure to comply with mandatory reporting of continuing legal education credits was imposed in June 2006.

Attorney Cooper's license due to his willful failure to cooperate with OLR investigations into his conduct.

¶7 Those OLR investigations led to the first disciplinary proceeding against Attorney Cooper. The OLR's amended complaint in that matter alleged 33 counts of misconduct. In light of Attorney Cooper's failure to participate in that disciplinary proceeding, the referee declared him to be in default and found that Attorney Cooper had committed each of the 33 counts of misconduct. Attorney Cooper's misconduct included conversion of client funds, multiple misrepresentations to clients, depositing client trust funds into his personal account, failing to notify others of his receipt of funds belonging to them, failing to deliver a client file to successor counsel, failing to act with diligence, failing to communicate with clients, and failing to cooperate with the OLR's grievance investigations. Ultimately, this court imposed a three-year suspension of Attorney Cooper's license to practice law in this state. In re Disciplinary Proceedings Against Cooper, 2007 WI 37, 300 Wis. 2d 61, 729 N.W.2d 206 (Cooper I) (suspension effective March 23, 2007).

¶8 At the time of the Cooper I disciplinary proceeding, the OLR was investigating each of the nine representations/grievances that form the basis for the current complaint. Within a few days after the Cooper I decision was released, the OLR sent a letter to Attorney Cooper advising him that it was placing its nine pending investigations on hold until such time as Attorney Cooper petitioned for the reinstatement of his license and informing him that he should

4

contact the OLR at any time if he wished to resolve any of the investigated matters.

¶9    In December 2010 Attorney Cooper filed a petition for the reinstatement of his license.  Ultimately, Attorney Cooper entered a stipulation with the OLR for the dismissal of his reinstatement petition.  Based on the stipulation, this court dismissed the reinstatement petition in September 2011.

¶10   As noted above, the OLR's current complaint addresses nine client representations and alleges 42 separate counts of professional misconduct.  Describing each of those client representations and the accompanying charges of misconduct is unnecessary to demonstrate the nature and scope of Attorney Cooper's misconduct.  Each of those nine representations followed a similar, but not identical pattern.

¶11   An illustrative example is sufficient to show the types of misconduct committed by Attorney Cooper.  In the summer of 2004, Attorney Cooper was retained by K.W. to represent him regarding a work-related injury.  Over the next year, the attorney representing the worker's compensation insurer, or his paralegal, asked Attorney Cooper to provide authorizations signed by K.W. that would allow them to obtain K.W.'s medical records.  Attorney Cooper failed to obtain K.W.'s signature or to provide the authorizations to opposing counsel.

¶12   In April 2005 opposing counsel wrote a letter to the Department of Workforce Development (DWD) explaining the actions that still needed to be completed before K.W.'s worker's compensation case would be ready for a hearing.  Opposing

5

counsel stated that the case had not moved forward because of Attorney Cooper's failure to respond to his repeated requests for the medical records release authorizations. On June 17, 2005, the administrative law judge (ALJ) ordered Attorney Cooper to provide the authorizations within 45 days or K.W.'s claim would be dismissed. On July 27, 2005, just four days prior to the 45-day deadline, Attorney Cooper sent the authorization forms to K.W. He did not, however, advise K.W. of the deadline that needed to be met in just a few days in order to avoid dismissal of K.W.'s worker's compensation claim. When the authorization forms were not provided, opposing counsel sought dismissal of K.W.'s claim for failure to prosecute, which the ALJ granted on August 15, 2005.

¶13 During the representation, K.W. had approximately five or six discussions with Attorney Cooper regarding his case. On the few occasions when K.W. was able to reach Attorney Cooper by telephone, Attorney Cooper would cut off the conversation, stating that he needed to get off the telephone but would call K.W. back. Attorney Cooper, however, never made the promised return calls. In addition, at one point during the representation, Attorney Cooper told K.W. that he had received a settlement offer from opposing counsel and would forward it to K.W. This was a false statement, however, as there was no evidence of any such settlement offer.

¶14 After K.W. learned that his case had been dismissed, he called Attorney Cooper's office numerous times, but Attorney Cooper failed to return any of K.W.'s calls. K.W. then

terminated Attorney Cooper's representation and requested in writing that Attorney Cooper send his file to him. Attorney Cooper failed to respond.

¶15 K.W. subsequently filed a grievance with the OLR against Attorney Cooper. In February and April 2006, the OLR sent letters to Attorney Cooper advising him of K.W.'s grievance and asking him to submit a written response to the grievance. See SCR 22.03(2). Attorney Cooper did not respond to the OLR's requests. Indeed, he did not provide a response to K.W.'s grievance until after he filed his December 2010 petition for reinstatement. At that time Attorney Cooper informed the OLR that he no longer had K.W.'s file and that a different law firm might have the file. The OLR discovered no evidence, however, that this other law firm had ever represented K.W. in his worker's compensation case or that K.W. had consented for Attorney Cooper to transfer his file to any other attorney or law firm.

¶16 On the basis of these stipulated facts, the referee concluded that Attorney Cooper had committed six counts of professional misconduct related to his representation of K.W. First, Attorney Cooper violated SCR 20:1.3 due to his lack of diligence in obtaining the medical records release authorizations from K.W., providing those authorizations to opposing counsel, or otherwise preparing K.W.'s case to be ready for a hearing before the ALJ. Attorney Cooper's failure to communicate adequately with K.W. or to respond to K.W.'s reasonable requests for information violated former

7

SCR 20:1.4(a). Attorney Cooper also violated former SCR 20:1.16(d) by failing to provide K.W. with a copy of his file when requested. The referee further concluded that Attorney Cooper had made a misrepresentation to K.W., in violation of SCR 20:8.4(c), when he had falsely stated that he had received a settlement offer from opposing counsel. In addition, by failing to notify K.W. of the October and December 2005 suspensions of his license to practice law, Attorney Cooper violated SCRs 22.26(1)(a) and (b), which are enforced via SCR 20:8.4(f). Finally, the referee found that Attorney Cooper had failed to provide a timely response to K.W.'s grievance, as requested in two letters from the OLR, in violation of SCRs 22.03(2) and (6), which are also enforced via SCR 20:8.4(f).

¶17 In total, based on the stipulation and the allegations of the OLR's complaint, the referee concluded that Attorney Cooper had committed the following violations:

- Four counts of violating SCR 20:1.3[4] (lack of diligence);

- Seven counts of violating former SCR 20:1.4(a)[5] (lack of communication with client);

---

[4] SCR 20:1.3 states, "A lawyer shall act with reasonable diligence and promptness in representing a client."

[5] Former SCR 20:1.4(a) (effective through June 30, 2007) provided that "[a] lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information."

8

- One count of violating former SCR 20:1.2(a)[6] and SCR 20:1.4(b)[7] (failing to explain matters to client and to consult with client regarding means of pursuing objectives of representation);

- Four counts of violating SCR 20:8.4(c)[8] (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation);

- Nine counts of violating former SCR 20:1.16(d)[9] (failing to deliver files to clients or successor counsel);

---

[6] Former SCR 20:1.2(a) (effective through June 30, 2007) provided, in relevant part, as follows:

A lawyer shall abide by a client's decisions concerning the objectives of representation, . . . and shall consult with the client as to the means by which they are to be pursued.  A lawyer shall inform a client of all offers of settlement and abide by a client's decision whether to accept an offer of settlement of a matter . . . .

[7] SCR 20:1.4(b) states, "A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation."

[8] SCR 20:8.4(c) provides that it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation; . . . ."

[9] Former SCR 20:1.16(d) (effective through June 30, 2007) stated as follows:

Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned.

- Six counts of violating SCRs 22.26(1)(a) and (b)[10] (failing to notify clients, tribunals, or opposing counsel of suspension of law license);

- One count of violating SCRs 22.26(2)[11] and 10.03(6)[12] (practicing law while license suspended);

---

The lawyer may retain papers relating to the client to the extent permitted by other law.

[10] SCRs 22.26(1)(a) and (b) state:

On or before the effective date of license suspension or revocation, an attorney whose license is suspended or revoked shall do all of the following:

(a) Notify by certified mail all clients being represented in pending matters of the suspension or revocation and of the attorney's consequent inability to act as an attorney following the effective date of the suspension or revocation.

(b) Advise the clients to seek legal advice of their choice elsewhere.

[11] SCR 22.26(2) provides as follows:

An attorney whose license to practice law is suspended or revoked or who is suspended from the practice of law may not engage in this state in the practice of law or in any law work activity customarily done by law students, law clerks, or other paralegal personnel, except that the attorney may engage in law related work in this state for a commercial employer itself not engaged in the practice of law.

[12] SCR 10.03(6) states: Penalty for nonpayment of dues.

If the annual dues or assessments of any member remain unpaid 120 days after the payment is due, the membership of the member may be suspended in the manner provided in the bylaws; and no person whose membership is so suspended for nonpayment of dues or

10

- One count of violating SCR 20:3.4(c)[13] (failing to comply with order of ALJ); and

- Nine counts of violating SCRs 22.03(2) and (6)[14] (failing to submit written response to grievance).

¶18 In its memorandum in support of the stipulation, the OLR argued that a two-year suspension, retroactive to the end of the prior, three-year suspension, would be an appropriate level

---

assessments may practice law during the period of the suspension.

[13] SCR 20:3.4(c) states a lawyer shall not "knowingly disobey an obligation under the rules of a tribunal, except for an open refusal based on an assertion that no valid obligation exists; . . . ."

[14] SCRs 22.03(2) and (6) provide as follows:

(2) Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

. . .

(6) In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance.

of discipline. The OLR indicated that a two-year suspension was supported by this court's decision in the case of In re Disciplinary Proceedings Against Haberman, 126 Wis. 2d 411, 376 N.W.2d 852 (1985), where we suspended Attorney Haberman's license for two years for misconduct that included neglect of his duties in seven estates, engaging in a prohibited conflict of interest, and failing to cooperate with the investigations of his conduct with respect to two estates. It also concluded that a two-year suspension was supported by the fact that Attorney Cooper's misconduct was more extensive and/or serious than the misconduct in two cases where we imposed one-year suspensions. See In re Disciplinary Proceedings Against Woodard, 190 Wis. 2d 487, 526 N.W.2d 510 (1995) (one-year suspension imposed for misconduct including failing to communicate with clients, failing to return file to client, and failing to cooperate with two grievance investigations); In re Disciplinary Proceedings Against Kennedy, 119 Wis. 2d 261, 349 N.W.2d 483 (1984) (one-year suspension imposed for misconduct consisting of neglecting two client matters and failing to cooperate in the ensuing investigations).

¶19 The OLR further noted that there were a number of aggravating factors in the present case, including Attorney Cooper's prior discipline, the presence of a pattern of misconduct, the presence of multiple violations, the fact that a number of violations involved intentional failure to comply with his obligations to the disciplinary agency and to tribunals, his substantial experience at the time of the violations, and his

refusal to acknowledge the wrongful nature of his conduct.  On the mitigating side, the OLR noted that the misconduct had occurred during substantially the same time period as the misconduct that formed the basis for the three-year suspension imposed in 2007, and that Attorney Cooper had alleged that stress and emotional problems had essentially caused him to "check out" of his law practice during the relevant time period.

¶20  The OLR's memorandum also provided its rationale for requesting that any suspension be imposed retroactively. Because the misconduct here occurred during the same time as the misconduct that resulted in the prior three-year suspension, the OLR contended that it would be unfair to make a new suspension prospective.

¶21  The referee considered the parties' joint request for a two-year, retroactive suspension, as well as the purposes of discipline in attorney disciplinary proceedings, the court's general preference for progressive discipline, and the aggravating and mitigating factors present in this case.  The referee agreed with the parties that a two-year suspension, retroactive to the expiration of the prior suspension, would be an appropriate level of discipline for Attorney Cooper's misconduct.  The referee further recommended that the court impose the full costs of the disciplinary proceeding on Attorney Cooper.

¶22 When reviewing a referee's report and recommendation in an attorney disciplinary proceeding, we affirm a referee's findings of fact unless they are found to be clearly erroneous,

13

but we review the referee's conclusions of law on a de novo basis. In re Disciplinary Proceedings Against Inglimo, 2007 WI 126, ¶5, 305 Wis. 2d 71, 740 N.W.2d 125. We determine the appropriate level of discipline given the particular facts of each case, independent of the referee's recommendation, but benefiting from it. In re Disciplinary Proceedings Against Widule, 2003 WI 34, ¶44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶23 In light of Attorney Cooper's stipulation and no contest plea, we adopt the referee's findings of fact, which are based on the OLR's complaint. We also agree with the referee that those findings of fact support a legal conclusion that Attorney Cooper committed each of the 42 counts of professional misconduct alleged in the OLR's complaint.

¶24 We now turn to the appropriate level of discipline. The facts alleged in the complaint with respect to the nine client representations demonstrate a clear pattern by Attorney Cooper of neglect and of failure to pursue the objectives of his clients. In addition, while he failed to move their claims forward, Attorney Cooper also essentially shut down communications with his clients, leaving them in the dark, even when some of their claims were dismissed. Moreover, by failing to provide the clients with their case files, Attorney Cooper impaired their ability to correct or mitigate his misconduct by retaining new counsel. This is a disturbing pattern of serious misconduct that goes to the core of an attorney's obligations.

¶25 We recognize, however, that the misconduct alleged in this case occurred nearly a decade ago, during the same period

14

as the misconduct that was at issue in the previous disciplinary proceeding. If all of Attorney Cooper's misconduct from that time period had been addressed in a single proceeding, the most severe discipline that could have been imposed would have been a revocation of Attorney Cooper's license to practice law in this state, which would have allowed him to petition for the reinstatement of his license after a period of five years. Imposing an additional suspension of two years in this proceeding, retroactive to the end of the prior three-year suspension, would similarly result in a five-year period of ineligibility to seek reinstatement. A retroactive suspension would also comport with our prior cases, where we have said that retroactive suspensions may be appropriate in situations, like the one here, where the "misconduct occurred prior to the [earlier] disciplinary proceeding and [the attorney's] license has remained suspended well beyond the period of suspension previously imposed." In re Disciplinary Proceedings Against and Reinstatement of Mandelman, 182 Wis. 2d 583, 592, 514 N.W.2d 11 (1994). Moreover, there is support in our prior decisions for a two-year suspension given the nature and scope of Attorney Cooper's misconduct, regardless of the fact that the misconduct at issue here occurred at the same time as the misconduct charged in the prior disciplinary proceeding. Accordingly, we conclude that Attorney Cooper's license to practice law in Wisconsin should be suspended for a period of two years,

15

retroactive to March 23, 2010, the date on which the prior three-year suspension expired.[15]

¶26 Finally, we turn to the issue of costs. Our general policy is to impose the full costs of a disciplinary proceeding on the respondent attorney who is found to have committed professional misconduct. See SCR 22.24(1m). We see no reason to depart from that policy in this matter. Although Attorney Cooper did ultimately enter into a stipulation and no contest plea, he initially filed an answer that denied each of the material allegations of misconduct in the OLR's complaint, which required the appointment of a referee and the accompanying costs of litigating this matter. It is therefore appropriate that he pay those costs.

¶27 IT IS ORDERED that the license of Patrick M. Cooper to practice law in Wisconsin is suspended for a period of two years, effective March 23, 2010.

---

[15] The referee's report recommends that the suspension be made retroactive to March 25, 2010, as the date on which Attorney Cooper was eligible to petition for reinstatement. The three-year suspension, however, was effective on the date of the court's order, March 23, 2007, which meant that it expired on March 23, 2010. Cooper I, 300 Wis. 2d 61, ¶21. We make the new suspension retroactive to that date. We do not make the new suspension retroactive to the date on which Attorney Cooper would have been eligible to file a petition for reinstatement. Under SCR 22.29(1), an attorney whose license has been suspended for a definite period of time of six months or more is eligible to file a reinstatement petition three months prior to the expiration of the period of suspension.

¶28 IT IS FURTHER ORDERED that within 60 days of the date of this order, Patrick M. Cooper shall pay to the Office of Lawyer Regulation the costs of this proceeding.

¶29 IT IS FURTHER ORDERED that Patrick M. Cooper shall continue compliance with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶30 IT IS FURTHER ORDERED that compliance with all conditions of this order is required for reinstatement. See SCR 22.29(4)(c).