# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2005AP2744-D & 2012AP2334-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Patrick M. Cooper , Attorney at Law:<br><br>Office of Lawyer Regulation,<br>          Complainant,<br>     v.<br>Patrick M. Cooper,<br>          Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST COOPER

| | |
|---|---|
| OPINION FILED: | March 30, 2018 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

Nos.   2005AP2744-D & 2012AP2334-D

STATE OF WISCONSIN                    :         IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Patrick M. Cooper, Attorney at Law:**

**Office of Lawyer Regulation,**

   **Complainant,**

 **v.**

**Patrick M. Cooper,**

   **Respondent.**

**FILED**

**MAR 30, 2018**

Sheila T. Reiff
Clerk of Supreme Court

ATTORNEY disciplinary proceeding.  *Reinstatement granted, with conditions.*

¶1   PER CURIAM.  We review, pursuant to Supreme Court Rule (SCR) 22.33(3),[1] a report filed by Referee Jonathan V. Goodman, recommending the court reinstate the license of Patrick M. Cooper to practice law in Wisconsin, with conditions.  The

---

[1] SCR 22.33(3) provides:  "[i]f no appeal is timely filed, the supreme court shall review the referee's report, order reinstatement, with or without conditions, deny reinstatement, or order the parties to file briefs in the matter."

Office of Lawyer Regulation (OLR) did not appeal the referee's recommendation. After careful review of the matter, we agree that Attorney Cooper's license should be reinstated, with conditions. We also agree with the referee that Attorney Cooper should be required to pay the full costs of this reinstatement proceeding, which are $3,828.81 as of December 20, 2017.

¶2 Attorney Cooper was admitted to practice law in Wisconsin in 1993. He practiced in and around Mequon, Wisconsin, primarily in the field of worker's compensation law.

¶3 On March 23, 2007, this court suspended Attorney Cooper's license for three years for 35 separate instances of professional misconduct affecting seven clients and a retained expert. Attorney Cooper's misconduct was serious. It involved multiple violations of SCR 20:8.4(c), including conversion of client funds; multiple misrepresentations to clients; obtaining an expert's report through dishonesty; issuing at least 17 checks totaling $25,656.85 from his business account at a time when he knew that his business account was either overdrawn or depleted; depositing client and third party funds into his personal account; failing to notify individuals of his receipt of funds owing to them; failing to keep clients reasonably informed about the status of their cases; failing to respond to reasonable requests for information from his clients; failing to provide clients with sufficient information to make informed decisions regarding their cases; failing to deliver client files to successor counsel; failing to communicate with clients; failing to act with diligence; engaging in improper fee

2

splitting; and failing to cooperate with the OLR's grievance investigations which involved failing to respond to the OLR's requests for information and making material misrepresentations to the OLR. In re Disciplinary Proceedings Against Cooper, 2007 WI 37, 300 Wis. 2d 61, 729 N.W.2d 206. (Cooper I).

¶4 In December 2010, Attorney Cooper filed a petition for reinstatement. At that time, the OLR resumed the investigation of nine matters that had been on hold due to Attorney Cooper's previous non-cooperation. Facing additional discipline for these reopened matters, Attorney Cooper stipulated to the dismissal of that reinstatement petition.

¶5 On June 26, 2013, this court suspended Attorney Cooper's license for an additional two years for the misconduct committed in connection with the nine reopened matters. This suspension was based upon 42 counts of misconduct, including lack of diligence; failure to communicate with clients and respond to various requests for information; failure to sufficiently explain matters to a client and consult with a client regarding the means of pursuing the client's objectives; failure to return client files; conduct involving dishonesty, fraud, deceit, or misrepresentation, including misrepresentations to a client; failure to obey a court order; failure to notify clients, opposing counsel or tribunals of the suspension of his license to practice law; practicing law while suspended; and failure to cooperate with the OLR's grievance investigations. In re Disciplinary Proceedings Against Cooper, 2013 WI 55, 348 Wis. 2d 266, 833 N.W.2d 88. (Cooper II).

3

¶6 The new suspension was imposed retroactively to run consecutive to his 2007 suspension. Attorney Cooper has not practiced law since 2006. His law license is also administratively suspended for failure to pay mandatory bar dues.

¶7 On March 30, 2017, Attorney Cooper filed this petition for reinstatement. The OLR received three reference letters from Attorney Cooper's colleagues in the human resources field who have known him since 2013. Each commented positively on Attorney Cooper's integrity and character. In addition, two Milwaukee lawyers who have known Attorney Cooper for approximately 20 years have attested to his conduct and fitness to practice law, and volunteered to serve as mentors should we reinstate his license. The OLR filed a response identifying certain specific concerns that will be discussed but did not oppose Attorney Cooper's reinstatement, subject to certain conditions.

¶8 Supreme Court Rule 22.31(1)[2] provides the standards to be met for reinstatement. Specifically, Attorney Cooper must

---

[2] SCR 22.31(1) provides:

(1) The petitioner has the burden of demonstrating, by clear, satisfactory, and convincing evidence, all of the following:

(a) That he or she has the moral character to practice law in Wisconsin.

(b) That his or her resumption of the practice of law will not be detrimental to the administration of justice or subversive of the public interest.

(continued)

4

show by clear, satisfactory, and convincing evidence that he has the moral character to practice law, that his resumption of the practice of law will not be detrimental to the administration of justice or subversive to the public interest, and that he has complied with SCR 22.26 and the terms of the underlying disciplinary order. In addition, SCR 22.29(4)(a)-(k) and (4m)[3]

---

(c) That his or her representations in the petition, including the representations required by SCR 22.29(4)(a) to (m) and 22.29(5), are substantiated.

(d) That he or she has complied fully with the terms of the order of suspension or revocation and with the requirements of SCR 22.26.

[3] SCR 22.29(4)(a)-(k) and (4m) provide that a petition for reinstatement shall show all of the following:

(a) The petitioner desires to have the petitioner's license reinstated.

(b) The petitioner has not practiced law during the period of suspension or revocation.

(c) The petitioner has complied fully with the terms of the order of suspension or revocation and will continue to comply with them until the petitioner's license is reinstated.

(d) The petitioner has maintained competence and learning in the law by attendance at identified educational activities.

(e) The petitioner's conduct since the suspension or revocation has been exemplary and above reproach.

(f) The petitioner has a proper understanding of and attitude toward the standards that are imposed upon members of the bar and will act in conformity with the standards.

(continued)

5

provide additional requirements that a petition for reinstatement shall show. All of these additional requirements are effectively incorporated into SCR 22.31(1).

¶9 Referee Goodman was appointed and conducted a public hearing on this reinstatement proceeding on November 8, 2017. The referee filed his report on November 30, 2017, recommending reinstatement with conditions.

¶10 The referee found that Attorney Cooper has not practiced law during the period of his license suspension. During the last ten years, while his law license was suspended, Attorney Cooper obtained a Master of Science Degree in Human

---

(g) The petitioner can safely be recommended to the legal profession, the courts and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence and in general to aid in the administration of justice as a member of the bar and as an officer of the courts.

(h) The petitioner has fully complied with the requirements set forth in SCR 22.26.

(j) The petitioner's proposed use of the license if reinstated.

(k) A full description of all of the petitioner's business activities during the period of suspension or revocation.

(4m) The petitioner has made restitution to or settled all claims of persons injured or harmed by petitioner's misconduct, including reimbursement to the Wisconsin lawyers' fund for client protection for all payments made from that fund, or, if not, the petitioner's explanation of the failure or inability to do so.

6

Resources from Marquette University. He worked as a human resources consultant for Peak Talent Management, a human resources manager for Praxis Life Sciences, and a sales training manager for AT&T.

¶11 The referee found that Attorney Cooper has fully complied with the terms of the underlying disciplinary order; he also complied, albeit belatedly, with the requirements set forth in SCR 22.26.[4] Attorney Cooper has paid the costs of his underlying disciplinary and reinstatement proceedings.

¶12 The referee found that Attorney Cooper has maintained competence and learning in the law. The record reflects that the Board of Bar Examiners confirmed that he has completed the required 60 hours of mandatory continuing legal education. If reinstated, Attorney Cooper intends to use his law license to practice worker's compensation, employment, and social security disability law.

¶13 The referee also found that Attorney Cooper's conduct since the suspension has been exemplary and above reproach and that he has a proper understanding of and attitude toward the standards that are imposed upon members of the bar and will act in conformity with those standards. The referee found that Attorney Cooper can safely be recommended to the legal profession, the courts, and the public as a person fit to be

---

[4] Attorney Cooper failed to timely file the affidavit required by SCR 22.26 on or before July 21, 2010. He did file the affidavit on November 22, 2010.

consulted by others and to represent them and otherwise act in matters of trust and confidence and, in general, to aid in the administration of justice as a member of the bar and as an officer of the courts.

¶14  Neither party appealed the referee's recommendation. We therefore review the referee's report pursuant to SCR 22.33(3).   When we review a referee's report and recommendation, we will adopt the referee's findings of fact unless they are clearly erroneous.   Conclusions of law are reviewed de novo.  See In re Disciplinary Proceedings Against Eisenberg, 2004 WI 14, ¶5, 269 Wis. 2d 43, 675 N.W.2d 747.

¶15  The referee's findings are supported by the record, have not been shown to be clearly erroneous, and we accept them. Attorney Cooper's conduct was extremely serious.   However, upon careful review of this entire record, we also accept the referee's conclusions and recommendation that conditional reinstatement is appropriate.

¶16  We considered the fact that, in response to Attorney Cooper's reinstatement petition, the OLR expressed concern that Attorney Cooper has at times understated the scope of his misconduct in his reinstatement petition.   The OLR observed that:

> [Attorney] Cooper appears to have a tendency to somewhat minimize the misconduct related to dishonesty by describing it merely as 'conduct involving misrepresentation' or 'conduct involving dishonesty,' or describing his conversion of client and third party funds, his issuance of bad checks and his inducement to a third party to provide a needed report based upon

8

deception as violations of 'SCR 20:8.4(c) relating to financial transactions.'

¶17  In a related vein, the OLR suggested that Attorney Cooper has implied, incorrectly, that some of the instances of client neglect occurred because he mistakenly thought another firm was handling matters.  The OLR notes that "there is, however, no evidence that [any other law firm] ever agreed to dual representation on the relevant files, or that [Attorney] Cooper ever made the clients aware or obtained their agreement to any such dual representation."  At times it has also appeared that Attorney Cooper attempted to shift the blame for some of his failings and misconduct to an assistant when there was no evidence Attorney Cooper had an assistant during that time period.

¶18  The referee did not explicitly address these concerns in his report.  However, we reviewed the transcript of the underlying reinstatement proceeding which shows that these issues were explored during the reinstatement hearing, and Attorney Cooper's testimony indicates he has taken responsibility for and expressed remorse for his misconduct.  He stated:

> I firmly believe, remorse and regret only come from deep introspection and discernment.  We can always find fault in others and circumstances that justify our actions. I do not place blame on anyone  other than myself.  My actions 12-13 yrs ago were regrettable and I have done some real soul searching regarding my actions.  I know what I did was wrong. I hurt my clients, myself in some ways - my profession. I have taken account for my actions and I'm very sorry for what I did and did not do.  My conduct (in action and inaction) was wrong.  I am sorry for what happened

9

and I profess I will work diligently to conduct myself in a highly ethical and professional manners [sic]. Above all, I will fulfill my obligations as a trusted professional who cares and advocates for his clients. . . I have learned from my mistakes and can attest - these failures will never be repeated.

¶19 At the evidentiary hearing, several witnesses testified in support of Attorney Cooper's reinstatement, including a former supervisor and a former managing partner at Praxis Life Sciences where Attorney Cooper was employed in the human resources department for several years. They described him as forthright about the reasons for his license suspension and "honest and well balanced" in their professional dealings with him. We note that Attorney Cooper, himself, suggested mentoring would be appropriate and that he has already explored various options to ensure professional oversight of his accounts.

¶20 We conclude that the referee's findings together with the record before us, support a conclusion that Attorney Cooper has met his burden to establish by clear, satisfactory, and convincing evidence that he has met all of the standards required for reinstatement and we agree that reinstatement is appropriate, with conditions.

¶21 With respect to the conditions that should be imposed on Attorney Cooper's practice, there appears to be general agreement among Attorney Cooper, the OLR, and the referee as to the nature of the conditions. Attorney Cooper stated he was willing to have his reinstatement "conditioned upon his compliance with his own representation that he will 'enter a

lawyer mentoring relationship with a practicing Wisconsin Attorney to provide oversight, advice and counsel to [him] regarding proper law firm administration and practice.'" The OLR recommended we direct the OLR to appoint a monitor for a period of two years, who will file quarterly reports to this court. The referee recommended two years of mentoring "as proposed and as testified to" by the two attorneys who stated their willingness to serve as mentors to Attorney Cooper. We have reviewed the transcript from the hearing, including the testimony relating to mentoring, and we include in this order more detail regarding the nature of the mentoring we deem appropriate.

¶22 For purposes of emphasis, we caution Attorney Cooper that his absolute compliance with our conditions and with all the Rules of Professional Conduct for Attorneys is demanded and expected. Any deviation from the conditions or the rules will not be countenanced.

¶23 The referee also recommended we impose the costs of this reinstatement proceeding on Attorney Cooper. It is this court's general practice to assess the full costs of a proceeding against a respondent. See SCR 22.24(1m). We find no extraordinary circumstances that would warrant a reduction in the costs imposed and we find it appropriate to assess the full costs of the reinstatement proceeding against Attorney Cooper.

¶24 IT IS ORDERED that the petition for reinstatement of the license of Patrick M. Cooper to practice law in Wisconsin is conditionally reinstated, effective the date of this order.

11

¶25 IT IS FURTHER ORDERED that as a condition of the reinstatement of Patrick M. Cooper's license to practice law in Wisconsin, he shall be monitored by an attorney, approved and appointed by the Office of Lawyer Regulation, for a period of two years following reinstatement. Patrick M. Cooper shall not begin representing clients until the monitor has been appointed.

¶26 IT IS FURTHER ORDERED that within 30 days of reinstatement, the Office of Lawyer Regulation shall approve and appoint a practice monitor to serve as a mentor to Patrick M. Cooper, to supervise and oversee Patrick M. Cooper's practice of law.

¶27 IT IS FURTHER ORDERED that Patrick M. Cooper shall cooperate fully with the monitoring of his law practice. Patrick M. Cooper shall schedule with the monitor regular meetings as directed by the Office of Lawyer Regulation. Patrick M. Cooper shall submit to the monitor an inventory of all active client files by the first day of each month during the period of monitoring. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date.

¶28 IT IS FURTHER ORDERED that within 30 days of this order, Patrick M. Cooper shall provide to the Office of Lawyer Regulation and to the monitor, a written plan outlining office procedures designed to ensure that Attorney Cooper is and remains in compliance with the Rules of Professional Conduct for

Attorneys. This written plan shall include office procedures that ensure that:

- Patrick M. Cooper promptly responds to correspondence, telephone calls, and other important communications from clients, courts, and other persons interested in legal matters that Patrick M. Cooper is handling;

- Patrick M. Cooper regularly reviews each and every file and completes legal matters on a timely basis;

- Patrick M. Cooper maintains law office and trust account records in compliance with the Rules of Professional Conduct for Attorneys; and

- Patrick M. Cooper makes available to the monitor and to the Office of Lawyer Regulation his law office and trust account records at such intervals as the Office of Lawyer Regulation and the practice monitor deem necessary to determine his compliance.

¶29 IT IS FURTHER ORDERED that the practice monitor shall provide the Office of Lawyer Regulation with written quarterly reports for a period of two years following the Office of Lawyer Regulation's appointment of the practice monitor, or at more frequent intervals as may reasonably be requested by the Office of Lawyer Regulation.

¶30 IT IS FURTHER ORDERED that within 60 days of the date of this order, Patrick M. Cooper shall pay to the Office of Lawyer Regulation the costs of this proceeding, which are $3,828.81 as of December 20, 2017.

13

¶31 IT IS FURTHER ORDERED that compliance with all of the terms of this order remain a condition of Patrick M. Cooper's license to practice law in Wisconsin and if Patrick M. Cooper fails to comply with the conditions required by this order, his license may be suspended until further order of this court.

¶32 IT IS FURTHER ORDERED that the administrative suspension of Patrick M. Cooper's license to practice law in Wisconsin due to his failure to pay mandatory bar dues will remain in effect until each reason for the administrative suspension has been rectified pursuant to SCR 22.28(1).